## Lewis Merritt v. Richard D. Miller.

In an action of trespass for personal property, brought by an officer, the de-
fendant, whose defence rests upon a claim of property derived from an-
other source, or prior to the attachment, cannot plead such matter spe-
cially.

What is a sufficient change of possession of personal property to perfect a
sale, as against the creditors of the vendor, when the thing, at the time
of the sale, is upon the land of a third person.

If a public officer attach the goods of one person, upon process against an-
other, and the true owner afterwards peaceably obtain possession of
them, and the officer brings trespass for such taking, the defendant may
show his right and thus defeat the action.

Trespass, for taking and carrying away a quantity of
corn.

Plea, not guilty, and trial by jury.

On the trial in the county court, the plaintiff, who was
deputy sheriff, proved that he attached the corn in question,
by virtue of two writs, against Elisha Clark, as said Clark's
property, on which writs judgments were afterwards render-
ed against said Clark. He also gave testimony tending to
prove, that, having said writs for service, he went to the
field where this corn, which was raised by said Clark, stood
in stooks, and proceeded to attach it, and counted the stooks,
when the defendant came, with others, and with teams, and,
though informed by the plaintiff that he had attached said
corn, and though forbidden by the plaintiff, yet, the defen-
dant, and the persons with him, proceeded to take and car-
ry away about one hundred stooks of said corn, before the
plaintiff could remove it.

The defendant offered testimony tending to prove that Clark raised said corn at the halves, on the land of one Allen; that Clark and Allen divided the corn in the rows; that Clark cut his part and put it up in stooks, and then, for good consideration, sold it to Luke Williams; that Williams agreed with Allen that said Allen should permit the corn to stand on the land until Williams could remove it, and Clark was to have no more to do with it; that the next day, the defendant, with others, went with teams to remove the corn for Williams, and proceeded to take and carry it away, notwithstanding the proceedings of the plaintiff, and that the plaintiff had notice of the sale to Williams before he made his attachment.

This testimony was objected to by the plaintiff and rejected by the court.

The jury returned a verdict for the plaintiff, and the defendant excepted to the decision of the county court, rejecting the testimony offered by him.

*Aikens & Edgerton,* for defendant.

Williams was the owner of the property and had the actual possession, and the defendant, in removing it, acted as his agent. He was not, therefore, guilty of a trespass upon the plaintiff's possession. *State* v. *Miller,* 12 Vt. R. 437.

*C. Coolidge,* for plaintiff.

I. Under the issue in this case, the testimony offered was inadmissible. The defendant should have pleaded, or given notice of his justification. It is not disputed that the plaintiff was in possession, and the defendant claims no property in himself. He is, therefore, *prima facie,* a trespasser and must justify. 1 Saund. 298, n. 1. 1 Ch. Pl. 438.

II. But the testimony could not avail the defendant, although offered under an appropriate plea or notice, for,

1. There was no change of possession accompanying the pretended sale from Clark to Williams. The sale, were it *bona fide,* was nevertheless void as against attaching creditors. *Durkee* v. *Mahoney,* 1 Aik. 116. *Mott* v. *McNiel,* id. 162. *Weeks* v. *Weed,* 2 Aik. 64.

2. The plaintiff was a public officer, and the property was

in the custody of the law. Even the true owner of it cannot justify a forcible recapture from the hands of the sheriff who has seized it and has the possession by virtue of legal process. The allowing the exercise of such a power would be virtually compelling the officer to become, *instanter,* the trier of the question of ownership at his own risk as to the event. If he yield to the demand of the party attempting to rescue and release the property, and that is conveyed beyond his reach, then, should the creditor recover against the officer, by reason of his failure to show title in the claimant, the officer would be remediless. On the other hand, if the officer be allowed to retain the property attached until the right shall be settled by judgment, he will have the property as a lien for indemnification.

Again, if the party claiming the property may lawfully rescue it in a case wherein he eventually establishes his title, he may use all the force necessary to effect the rescue; while the officer acting in the faithful performance of his duty, yet ignorant of the real ownership, must defend his possession, if he defend at all, at the risk of his life. The law will not hold him bound to incur so fearful a hazard, nor will it suffer the right of property to be tried by the strong hand.

The opinion of the court was delivered by

Redfield, J.—This is trespass for certain personal property. The plaintiff's claim of title rested upon an attachment upon *mesne* process, against Elisha Clark, the plaintiff being a known public officer.

The defendant claimed to have acted as the servant of one Williams, who claimed the property by purchase from Clark before the attachment. The property, being corn in the stook, was raised by Clark on the land of one Allen, (upon shares,) and, after the sale to Williams, by permission of Allen, remained on the land in the same condition it was in before the sale. The plaintiff made his attachment, and the next day the defendant, and others, went and removed the corn.

The first question made is, that the defence, if available in any shape, should have been pleaded specially. It is very clear, that if the defence can prevail, it is good upon the general issue. In trespass for personal property, the gener-

WINDSOR,
*February*,
1841.

Merritt
*v.*
Miller.

al issue is a denial of the plaintiff's property, as well as the taking by defendant. If this defence amount to any thing, it is on the ground that the plaintiff acquired no property by the attachment, but that the property was in Williams, in whose place the defendant stands. It is obvious this defence cannot be pleaded in bar, for it amounts only to the general issue.

The next question made is, whether there was such a change of possession in this case, as to perfect the sale against the creditors of Clark. We can entertain no doubt upon that subject, unless it should appear that Clark continued in the visible, ostensible occupancy of the land on which the corn stood, which will not be presumed, as long as the title to the land was in Allen, and the full purpose of Clark's interest therein had been accomplished. In such cases it is not indispensable to the change of possession, that there should be any visible change of the position of the articles. It is sufficient if the former owner be divested of the legal and ostensible control of them, in such a manner that the creditors of the vendor, upon reasonable observation and inquiry, must be presumed to have become acquainted with that fact.

Can the question of property be tried in this manner? We think it may be. It is true the defendant could not legally have resisted the attachment. If he had it would have been unavailable. For it was the duty of the officer to make the attachment, even at the expense of calling out the militia, and taking the lives of the opposers, if necessary. The question of property could not be tried in any other manner. When a known officer is directed to attach personal property, and in good faith attempts to make the attachment, although the defendant has no interest in the thing, still the real owner cannot justify forcible resistance to the officer. *State* v. *Fuller and Downer*, 8 Vt. R. 424.

If the rule were otherwise, it would many times involve the officer in such perplexing uncertainty, that he could not, with any degree of safety, proceed to execute his precept. Questions of property oftentimes depend upon such nice legal discrimination, and upon such an accurate knowledge of facts, that to require sheriffs and other officers to decide, at their peril, when opposed, whether to proceed, and to make

Merritt
v.
Miller.

the legality of their proceedings hinge upon the correctness of that decision, would involve the public peace in constant commotion. Hence the rule has been adopted, and with great propriety, we think, that the rights of the individual shall, for the time, yield, and the public officer be allowed to proceed quietly to perfect the formal attachment, so that the question of abstract right may be put in the way of legal determination.

So that notwithstanding the absolute right in the officer to proceed and make the attachment, still if he take the property of B. on a process against A., he is none the less a trespasser upon the rights of B. And if a trespasser, he acquires no property in the thing attached, as against the real owner. B. may have his action and recover the value of the thing taken. Or if he can come quietly into the possession of the thing he may take it, and thus subject himself to an action, at the suit of the officer. In either mode the question of right may be determined, and it does not seem to be important in which mode.

But to reject this defence, in this action, and thus permit the plaintiff to recover the value of the property, when he is confessedly liable to refund that same money to the defendant, in an action brought by him against the plaintiff, for the original taking, if the facts now offered to be shown should be established, would lead to unnecessary circuity of action. Such a course, too, would involve the novel contradiction and absurd impropriety, of deciding the same question of property, in a civil action, between the same parties, in modes wholly irreconcilable, as either the one or the other of the parties happened to be plaintiff or defendant.

Judgment is reversed and new trial granted.