# COOS,

## DECEMBER TERM, A. D. 1854.

---

### FULLER *v.* ROUNCEVILLE.

In trespass *de bonis asportatis*, if the matters relied upon in defence constitute a direct denial of the allegations in the declaration, which are essential to be proved in order to maintain the action, and inconsistent therewith, the same may and ought to be given in evidence under the general issue.

But if the matters relied upon as an answer to the action do not involve a denial of the material allegations in the writ, but are consistent with such a state of fact as would constitute a *prima facie* case of trespass, and amount only to an excuse or justification of it, they cannot be given in evidence under the general issue, but must be specially pleaded, or a brief statement of the matters must be filed under the statute.

The owner of a sleigh conveyed it in mortgage to S., and afterwards delivered it in pledge to F., and R., by the authority and direction of S., took possession of the sleigh; in an action of trespass by F. against R., it was *held* that evidence of said mortgage and authority was admissible, under the general issue, as an answer to the action.

There is no rule of evidence, in civil actions, requiring every material fact to be proved by evidence equal to that of one unimpeached witness.

It is the duty of the jury to decide according to the balance of the proofs and probabilities, upon due consideration of all the competent evidence in the case.

TRESPASS, for taking and carrying away the plaintiff's sleigh. Plea, the general issue, with a brief statement that the defendant took the sleigh as the servant or agent of Ela Rounceville.

It appeared that the sleigh was formerly the property of Ela Rounceville, and that in March, 1851, it came into the

possession of the plaintiff, where it remained until the defendant took and carried it away, in December, 1851. The plaintiff gave in evidence a note, dated April 20, 1850, for the sum of $22,28, signed by Ela Rounceville and payable to the plaintiff, on demand, with interest, and George Fuller, called by the plaintiff, testified that the sleigh was pledged to the plaintiff, and in that way came and remained in his possession until taken by the defendant. The defendant's evidence had some tendency to show that Ela Rounceville was out of the country at the time of the alleged pledge, and that he had authority from Ela Rounceville to take the sleigh away; and he also called witnesses, who testified that the general reputation of George Fuller for truth was not as good as that of men in general, &c. The defendant offered to prove that prior to the alleged pledge, the sleigh was mortgaged by Ela Rounceville to James B. Sumner, and that he (Sumner) authorized the defendant to take the sleigh. But the plaintiff's counsel objected that this could not be shown under the general issue, and the court sustained the objection. The defendant's counsel requested the court " to charge the jury, as a matter of law, that every material fact must be proved by testimony equal to the testimony of one unimpeached witness;" but the court directed the jury to consider all the evidence, the impeaching testimony with the rest, and decide according to the balance of proof and the probabilities of the case.

A verdict was returned for the plaintiff, which the defendant moved to set aside. It was ordered that the questions arising in this case should be transferred to this court for decision.

*H. & G. A. Bingham,* for the defendant.

This is an action of trespass for taking a sleigh. The general issue was pleaded.

The first question that arises in the case is, whether the defendant, under the general issue, had a right to give in

evidence his title or right to the sleigh, as obtained from one James B. Sumner, who held a mortgage of the same from one Ela Rounceville, the original owner, dated prior to this pretended pledge. The court below held that he had not; in which, we think, there is error.

First let us inquire what proof the plaintiff is obliged to make, in an action of trespass standing upon the general issue, in order to recover.

It seems, in order to entitle the plaintiff to a verdict, in this state of the pleadings, he must first show that the property was in his possession, and that rightfully, as against the defendant; and second, that the injury was done by the defendant with force. 2 Greenl. Ev. 504, 513; 1 Chitty's Pl. (9th Am. ed.) 472.

Then, as the plaintiff, in order to recover, must make out a better title than the defendant, the question arises has he done so? first as against James B. Sumner, and, second, as against the defendant; for if the plaintiff has a better title than Sumner, then here the case must end.

It will hardly be contended as between the mortgager and mortgagee, that the mortgagee has not the right to the possession of the mortgaged property, either before or after a breach of the mortgage condition, and this whether the property be real or personal, as the contrary is well settled in this State, by a uniform chain of decisions. *Pettengill,* v. *Evans,* 5 N. H. Rep. 54, and other decisions upon this point in the N. H. Reports. See also *Chellis* v. *Stearns,* 2 Foster's Rep. 312.

Hence if Sumner had a right to the sleigh as against Ela Rounceville, he had it as against the plaintiff, as the plaintiff could get no better title, in any view of the case, than Rounceville had himself.

Then if Sumner had been sued, he would have had a good defence. Why, then, has not this defendant, who stands and acts in his place, by his authority and under his immediate direction and control? In the reason of the thing

there is no objection, and we have not yet been able to find any in the law.

The defendant, in an action of trespass, may give in evidence, under the general issue, that the right of possession is in himself, or in one under whom he claims. 2 Greenl. Ev. 513; Starkie's Ev. 1456; 1 Chitty's Pl. 500; *Monumoi* v. *Rogers*, 1 Mass. Rep. 159; *Dodd* v. *Ruffin*, 7 Term 354; *August* v. *Durant*, 8 Term 403; *Rawson* v. *Morse*, 4 Pick. 127.

If it was lawful for Sumner to take the sleigh in person, it was lawful for him to do so by his servant or agent. See cases before cited.

In *Anderson* v. *Harris*, 1 Bailey 315, it was held that in trespass to try titles, the defendant, under the general issue, may give in evidence a lease from one under whom the plaintiff claims, executed prior to the conveyance under which the plaintiff claims.

So also it was held in *Brown* v. *Artcher*, 1 Hill 266, that in trespass *de bonis asportatis* a plea that the goods belonged to a third person, and were taken by virtue of an execution against him, was bad, as amounting to the general issue.

So in *Rosar* v. *Qualis*, 4 Black. 286, that the defendant might show title in a third person, and a license to him, under the general issue.

Again, the defendant ought to have been permitted to show that the sleigh was mortgaged by Ela Rounceville to Fuller; for if so mortgaged, the pledge to Fuller was void, and he could take nothing by it. Comp. Stat. ch. 138, §§ 11, 13.

This defence, under Sumner's mortgage, ought to be admitted, under the policy of the law not to countenance technicalities in administering justice.

Upon the plaintiff's own view of the case, he would be liable in trover, to Sumner for the sleigh, 12 N. H. Rep. 382; and if the defendant is not permitted to show his authority in evidence, under the general issue, he, of course, may show it

under a special plea; for having a perfect defence, he must be allowed to make it in one of those two forms of defence. The objection taken in the case is of a purely technical character, and will not be allowed to prevail unless the strict rules of law require it, of which we have no belief.

*Burns & Fletcher*, for the plaintiff.

The parties both claim under Ela Rounceville; therefore the defendant should justify the trespass complained of. *Stow* v. *Scribner*, 6 N. H. Rep. 24.

The defendant may justify by the license or command of any one having right or authority. Viner. Abr. Trespass, (M. a. 3,) cited in Story's Pleadings by Oliver, page 597.

Woods, J. Two questions are involved in the case.

The first arises upon the ruling of the court rejecting the evidence of the mortgage of Ela Rounceville to James B. Sumner, and of the authority of Sumner to the defendant to take the sleigh. It was rejected upon the ground that the evidence was inadmissible under the general issue. That it would have made out a perfect defence to the action of trespass, if receivable, admits of no doubt. The offer was to show a mortgage prior in point of time to the title of the plaintiff, whatever that might have been, and peaceable possession taken of the property mortgaged, by the defendant, an agent of the mortgagee. The taking the possession in that manner is the act complained of.

The question made in this branch of the case is, whether that evidence was admissible under the general issue, or whether the facts should have been specially pleaded. The rule upon this subject would seem to be well and distinctly settled in the books.

In 2 Saunders on Pl. and Ev. 855, it is said that "the defendant may, under the general issue, give in evidence any matter which directly controverts the truth of any allegation which the plaintiff, on such general issue, will be

bound to prove." A similar rule is recognized in 2 Saund. Rep. 159, note 10..

Chitty says: " In trespasss, whether to the person, personal or real property, the defendant can, under the general issue of not guilty, give in evidence any matter which directly controverts the fact of his having committed the acts complained of." 1 Chitty's Pl. 500, (8th Am. ed.)

In *Peavey* v. *Walter*, 6 Carr & Payne 232, which was trespass for driving a gig against the horse of the plaintiff, and wounding him, it was held that it might be shown, under the general issue, that instead of the defendant driving against the plaintiff's horse, (as a witness for the plaintiff had first testified,) the plaintiff drove against the gig of the defendant. The abstract of the opinion in that case is, that " under not guilty, in trespass, that only can be given in evidence which shows that the defendant did not do the act complained of." In *Gerrish* v. *Train*, 3 Pick. 126, Mr. Justice *Wilde* remarks that, in trespass *de bonis*, " if the defendant pleads property in himself or a third person, this is no admission that the property is the plaintiff's, but it is an allegation inconsistent with a material allegation in the declaration, and a traverse is necessary." That same fact, given in evidence, would go to disprove the same material allegation. In trespass to personal property, in general the defendant may show, under the general issue, that the chattels in question are not the plaintiff's property. 2 Sir Wm. Blackstone's Rep. 701; 2 Saund. Pl. & Ev. 855. In *Rawson* v. *Morse*, 4 Pick. 127, *Morton*, J., says that " in trespass *quare clausum fregit*, the defendant may give in evidence, under the general issue, any matter that contradicts the allegations which the plaintiff is bound to prove, or shows that the act complained of is not in its own nature a trespass. Thus he may give in evidence soil and freehold in himself, or in another by whose authority he entered, or that he has any other right to the possession. For he cannot be a trespasser in exercising a right which the law gives him,

nor be bound to justify when he does not, *prima facie,* appear to be a trespasser." But it is well settled that, in general, matters which admit the plaintiff's property as well as the seizure and carrying away, &c., must be pleaded. Com. Dig. Pl. 3 M. 25; 2 Saund. Pl. & Ev. 855; 1 Chitty's Pl. 502, (8th Am. ed.) Chitty states the rule thus: " Where an act would, at common law, *prima facie,* appear to be a trespass, and the facts stated in the declaration could not be denied, any matter of justification or excuse, or done by virtue of a warrant or authority, must, in general, be specially pleaded ; and, therefore, even where the defendant did the act at the request of the plaintiff, or where the injury was occasioned by the plaintiff's own fault, those matters of defence must always have been specially pleaded. 1 Chitty's Pl. 501. In *Rawson* v. *Morse,* 4 Pick. 127, before cited, it is said that " a license from the plaintiff must be specially pleaded, but a license from a stranger, in whom the soil and freehold are, may be proved under the general issue."

The doctrine, as laid down by our own court in *Stow* v. *Scribner,* 6 N. H. Rep. 24, (a case cited by counsel,) which was trespass for killing a horse of the plaintiff, is thus : " Matters which do not directly contradict that which a plaintiff is bound to prove, in an action of trespass, under the general issue, but which show collaterally that the action is not maintainable, must be specially pleaded, or a brief statement of the matter must be filed under the statute." The same principle is recognized in *Welch* v. *Nash,* 8 East 39, which is a case in a clear manner illustrating the doctrine.

*Merritt* v. *Miller,* 13 Vt. Rep. 416, was trespass for taking and carrying away a quantity of corn. The general issue was pleaded. It appeared that the corn was raised by one Clark, on shares, on the land of one Allen, and the corn having been *divided,* the plaintiff, being a deputy sheriff, and having certain writs against him, attached

Clark's share, still standing in the field, in the stook, and the defendant and others came with teams and took the corn and drew it away. The defendant offered to show that after the corn was divided with Allen, Clark, for a good consideration, sold his part to Luke Williams, and that the defendant, on the next day, (the corn still remaining on the land of Allen, with his consent, at the request of Williams,) with others, went with teams to remove the corn for Williams, and proceeded to take and carry it away, notwithstanding the proceedings of the plaintiff, and that the plaintiff had notice of the sale to Williams before he made the attachment.

*Redfield,* J., delivered the opinion of the court as follows: " The first question made is that the defence, if available in any shape, should have been pleaded specially. It is very clear that if the defence can prevail, it is good upon the general issue. In trespass for personal property, the general issue is a denial of the plaintiff's property, as well as the taking by the defendant. If the defence amount to any thing, it is on the ground that the plaintiff acquired no property by the attachment, but that the property was in Williams, in whose place the defendant stands. It is obvious this defence cannot be pleaded in bar, for it amounts only to the general issue." There would seem to be no conflict in the authorities upon the first question involved in the present case. The only point of doubt or difficulty in the case, if any there be, is in the application of the well recognized principles governing the case.

If the matters offered in defence constitute a direct denial of the allegations in the plaintiff's declaration, which, under the general issue, are essential to be proved, in order to maintain the plaintiff's action, or, in other language, if the matters offered in defence are a direct denial of the material allegations of the declaration, essential to be proved, and inconsistent therewith, the same may and ought to be given in evidence under the general issue.

But if the matters relied upon as an answer to the action do not involve a denial of the material allegations in the writ, but are consistent with the existence of such a state of fact as would constitute, at common law, a *prima facie* case of trespass, and amount only to an excuse or justification of such *prima facie* trespass, they cannot be given in evidence under the general issue, but must be specially pleaded.

Under the general issue it is necessary that the plaintiff should show either the actual possession or the constructive possession of the thing injured, as well as a general or qualified property therein. 1 Term 480; 4 Term 490; 1 Chitty's Pl. 500, before cited; 2 Saund. Pl. & Ev. 855, 861, (3d Am. ed.) It denies and puts in issue the plaintiff's property as well as the taking by the defendant. It is true, that proof of the actual possession by the plaintiff of the chattel at the time of the trespass will, in all cases, suffice to sustain this action against a mere wrong-doer not being the real owner of the chattel. 2 Saund. 47 d; *Catteris* v. *Cowper*, 4 Taun. 547.

In the case under consideration, it was admitted that Ela Rounceville was once the owner of the sleigh in question, and the plaintiff claimed to have derived a title from him as the pledgee of the property, for a valuable consideration. The title, which the defendant proposed to prove as a ground of defence, was a mortgagee's title, derived from Ela Rounceville, and acquired prior to the date of the pledge to the plaintiff by one James B. Sumner. Here, then, was a proposition to disprove the title of the plaintiff, by showing an elder and better title in said Sumner. The defendant proposed further to show that in taking the sleigh he acted by the authority of Sumner, who was thus clothed with a mortgagee's title.

In effect, then, the defendant offered to show that Sumner was the owner of the property by an elder and better title than that claimed by the plaintiff, and that in virtue of

that title, and of the right of possession which accompanied it, by direction of Sumner and under his authority, the defendant took possession of it, which was, in point of law, the act of Sumner. *Rawson* v. *Morse*, 4 Pick. 127, before cited.

In the act complained of the defendant stood in Sumner's place. *Merritt* v. *Miller*, 13 Vermont Rep. 419, before cited. It is clear that the matters of defence, relied upon in this case, were a direct denial of the allegations of property in the plaintiff, as well as of all right of possession in him, as against the defendant, at the time of the act of trespass complained of.

They were, then, a direct denial of the essential allegations necessary to be proved by the plaintiff upon the plea of the general issue, and according to the whole current of the authorities receivable in evidence under the general issue.

2. The second question made by the case arises upon the refusal or omission of the court to charge the jury as requested by the defendant's counsel, as matter of law, "that every material fact must be proved by testimony equal to the testimony of one unimpeached witness." The court, instead of adopting the language thus suggested, directed the jury to consider all the evidence in the case, the impeaching testimony with the residue, and to decide according to the balance of the proof and the probabilities of the case. That direction was undoubtedly correct. There is no rule of evidence, in civil cases, that we are aware of, requiring any particular *quantum* or weight of evidence to warrant the jury in determining a controverted fact. The court, as matter of law, determine what evidence is competent for the jury to weigh, but are in no wise authorized to determine, as matter of law, what amount or weight of competent evidence is sufficient or insufficient to convince the minds of jurors, and warrant them in determining a matter of fact in dispute between parties. The competency of the proof given in evidence is matter of

law for the court, but its weight is matter exclusively for the jury. The judgment of the court, therefore, is, that the verdict must be set aside for error in the court below, in rejecting the evidence offered under the general issue.

*Verdict set aside and a new trial granted.*