BROWNELL, Appellant, vs. DURKEE and others, Respondents.

*February 26 — June 3, 1891.*

*Attachment: Seizure of property of third person: Regaining possession.*

If, after the seizure of his property on an attachment against another person, the rightful owner quietly and peaceably obtains possession thereof, he may retain it, and the officer will not be justified in using force to regain possession.

APPEAL from the Circuit Court for *Rock* County.

Action for an assault and battery. The facts are stated in the opinion. A verdict was directed in favor of the defendants, and from the judgment thereon the plaintiff appealed.

For the appellant there was a brief by *Fethers, Jeffris & Fifield,* of counsel, and oral argument by *M. G. Jeffris.*

For the respondents there was a brief by *John B. Simmons* and *Charles S. French*, and oral argument by *Mr. Simmons*.

The following opinion was filed March 17, 1891:

Cole, C. J.   This is an action brought to recover damages for the wrong of the defendants in assaulting the plaintiff on or about the 15th of December, 1885, and forcibly ejecting him from a railroad car while he was unloading coal that belonged to him.   The defendants justify their acts by answering that, at the time, the defendant. *Harris R. Durkee* was a constable and had a writ of attachment in favor of the other two defendants against one Price. and one Paul, and that he levied on the coal in the car mentioned as the property of Price and Paul in good faith and without malice, and exercised only so much force as was. necessary for the purpose of ejecting the plaintiff from the. car where the coal was.

It appears that the plaintiff, shortly before the 15th of December, ordered a car of coal, which he expected to sell to Price.   The car arrived at Geneva, consigned to him.   Price paid the freight on the coal, but did not pay for the coal, and it was not delivered to him by the plaintiff.   The attachment was levied on the coal in the car, while the car was standing on the side track of the company at Geneva, on the 15th of December, as the property of the defendants. in the attachment.   The railroad agent was informed of the attachment, and was asked by the constable to seal the car up and let it stand where it was for him, temporarily.   The next day the plaintiff notified the defendants that Price did not own the coal, but that it belonged to him.   On the morning of the 17th of December the plaintiff went to the freight depot, saw the agent about the coal, and the agent formally opened and delivered the car of coal to him.   The plaintiff thus took quiet and peaceable possession of the car,

Brownell vs. Durkee and others.

and was engaged in removing the coal therefrom, when the constable arrived on the ground, forbade him from interfering with the coal, and demanded possession of the car. This being refused, he forcibly ejected the plaintiff from the same, which is the wrong complained of. These material facts are clearly established by the evidence, and are really not disputed.

The possession of the coal, after the seizure on the attachment, must be deemed to have been constructively in the constable, as he had left the car, with its contents, where he found it, though in charge of the railroad company. But he had taken as complete possession of the coal as was practicable, unless he removed it from the car. The constable had such possession and special interest in the coal by virtue of his levy that he could have maintained an action against any one who interfered with it, had the coal been the property of the defendants in the attachment. It seems to us there can be no doubt as to the correctness of this proposition. But the coal belonged to the plaintiff. It had been ordered by him, and was consigned to him, and was afterwards adjudged to be his property in an action brought to recover the value thereof. But after the seizure, as we have said, he acquired peaceable possession of the coal, and held such possession when the constable deprived him of it in a forcible manner.

The important question in the case is as to the justification of the officer. The other defendants were present at the time, aiding and abetting him in the execution of the writ. The learned counsel for the defendants argues and insists that, as the officer was required by his writ to levy upon the coal, the title to which was in dispute or in doubt, and he being indemnified therefor, he was in duty bound to make the levy and hold the property until the question of title was settled or the property otherwise released; and that an officer while so acting may not be lawfully inter-

.fered with or resisted by the rightful owner, whether such owner be the defendant in the attachment or not; but that the officer had the right to overcome such resistance and keep or regain possession by the use of such force as might be necessary for the purpose. The learned circuit court doubtless adopted this view of the law, as it directed a verdict for the defendants. The counsel for the plaintiff insists that the court erred in thus directing the verdict for the defendants, because, he says, it was a question of fact for the jury to determine whether the defendants were acting in good faith in seizing the coal as the property of Price and Paul, and in taking it from the possession of the plaintiff; also whether the defendants used greater force than was necessary in ejecting the plaintiff from the car; and, further, that under the undisputed testimony the plaintiff was entitled to recover his actual damages for the wrongful act of the defendants in ejecting him from the car. We shall spend no time in considering the first two questions. As it is said by the opposing counsel, no claim was made on the trial that the evidence raised any doubts on these points, and there was no suggestion or request made that they should be submitted to the jury. The judgment must be reversed for the reason which we will now proceed to state.

As we have said, the important question is, Was the officer justified or protected in forcibly taking possession of the coal as against the plaintiff, who was the real owner? The counsel for the plaintiff contends he was not so justified or protected. He says, notwithstanding the absolute right of the officer to proceed and execute the writ, still, if he takes the property of the plaintiff on a process against Price and Paul, he is none the less a trespasser upon the rights of the plaintiff, and, if a trespasser, he acquired no property in the thing attached as against the real owner. The plaintiff, he says, may have his action and recover the

Brownell vs. Durkee and others.

value of the property taken, as was done in this case; or if, after the seizure on the attachment, the plaintiff can peaceably obtain the possession of the attached property, he may take it and thus subject himself to an action at the suit of the officer; but that the officer has no right in law to dispossess the owner by using force for that purpose, and is not protected in doing so. These different positions of counsel as to the duty and liability of an officer attaching property, though diametrically opposed, are sustained by high authority. There is a serious conflict of judicial opinion on the subject, and we have to make a choice to some extent between the rules laid down in opposing decisions. The courts of Vermont, New Hampshire, and Ohio support the contention of the defendants, while those in Massachusetts, New York, and Illinois sustain the plaintiff's position. See *State v. Downer*, 8 Vt. 424; *State v. Buchanan*, 17 Vt. 573; *State v. Fifield*, 18 N. H. 34; *State v. Richardson*, 38 N. H. 208; *Faris v. State*, 3 Ohio St. 159. *Contra: Comm. v. Kennard*, 8 Pick. 133; *Elder v. Morrison*, 10 Wend. 128; *Wentworth v. People*, 5 Ill. 550.

But the rule which commends itself to our judgment as the most salutary and reasonable is to hold that if, after seizure on attachment against a third party, the rightful owner can quietly and peaceably obtain possession of the property, he may retain such possession, and the officer will not be justified in using forcible means to regain possession. If the officer wishes to test the right of the owner, he should bring an action for that purpose.

The courts which adopt the Vermont rule think there are strong grounds of public policy, where the question of property is doubtful, that the owner should resort to his remedy at law to settle the question in the courts. There is, doubtless, force in this consideration. Parties should not be permitted to resort to force to vindicate their rights where peaceable remedies exist. But the question can be

as well determined in an action brought by the officer as when it is brought by the owner. The courts all admit that due regard should be had to the rights which the owner has to his property, and that these rights should be protected and secured as far as possible. Now, why should the owner then, when he has possession of that which is his own, be required to give it up to an officer who comes with a process, not against him but against a third party with whom he has no connection, and demands possession? See *Gilman v. Williams*, 7 Wis. 329.

We can perceive no sufficient reason, either founded in law or on public policy, for holding that the owner of personal property may not insist upon his rights and refuse to surrender the same to an officer, because the latter has attached it on a writ against a third party. The creditor or officer is not without legal redress to test the question of title to the property. It is admitted that the officer is a trespasser if he seizes property not belonging to the defendant in the attachment. Why should his unlawful act be regarded with more favor than the rights of the real owner? True, it is said, the owner of property seized or attached on a process against another has legal remedies by an action, and, therefore, he ought not to be allowed to protect his goods with a strong hand, for this power may be abused so as to cover the property of the debtor, and the creditor may fail to collect his debt. But, as we have said, the officer after a levy may bring an action against any one who interferes with his possession, and thus settle all rights of property. See *Merritt v. Miller*, 13 Vt. 416. There is no hardship in this rule. It is surely unnecessary to allow the officer to resort to force and violence to regain possession of attached property, where the law affords him an adequate legal remedy to enforce his rights. To allow him to use force under such circumstances is certainly not essential for the protection of the officer, nor to vindicate the authority

of the law. But the question is so fully considered and discussed in the cases to which we have referred that no further remarks upon the subject are called for.

We think the circuit court erred in directing a verdict for the defendants, and that the judgment of the circuit court must be reversed and a new trial ordered.

*By the Court.*— It is so ordered.

A motion for a rehearing was denied June 3, 1891.