FROST *v.* EASTERN RAILROAD.

A right of personal action accruing to an infant is not barred by the statute of limitations until two years after the disability is removed.

A land-owner is under no duty to a mere trespasser to keep his premises safe; and the fact that the trespasser is an infant does not raise a duty where none otherwise exists.

CASE, for personal injuries from the alleged negligence of the defendants in not properly guarding and securing a turn-table. The plaintiff, who sues by his father and next friend, was seven years old when the accident occurred, June 23, 1877, and the action was commenced June 7, 1884. Plea, the general issue and statute of limitations. A motion for a nonsuit was denied, and the defendants excepted. Verdict for the plaintiff. The facts are sufficiently stated in the opinion.

*Dodge & Caverly* and *W. J. Copeland*, for the plaintiff.

*J. S. H. Frink* and *C. B. Gafney*, for the defendants.

CLARK, J. The action is not barred by the statute of limitations. "Any infant, married woman, or insane person may bring any personal actions within two years after such disability is removed." G. L., *c.* 221, *s.* 7.

As a general rule, in cases where a disability exists when the right of action accrues, the statute does not run during the continuance of the disability, and it has not commenced to run against the plaintiff. *Pierce* v. *Dustin*, 24 N. H. 417 ; *Little* v. *Downing*,

37 N. H. 356.   It is said that the plaintiff's next friend was under no disability, that he could have brought the action at any time within six years after the right of action accrued, and therefore the statute should apply to this case.   It is an answer to this suggestion that it is the infant's action, and the failure of the next friend to bring suit within six years is no bar to the plaintiff's right of action.   Wood Lim. of Act. 476.

The motion for a nonsuit raises the question whether there was evidence upon which the jury could properly find a verdict for the plaintiff.   *Paine* v. *Railway*, 58 N. H. 611.   The ground of the action is, that the defendants were guilty of negligence in maintaining a turn-table insecurely guarded, which, being wrongfully set in motion by older boys, caused an injury to the plaintiff, who was at that time seven years old, and was attracted to the turn-table by the noise of the older and larger boys turning and playing upon it. The turn-table was situated on the defendants' land, about sixty feet from the public street, in a cut with high, steep embankments on each side ;  and the land on each side was private property and fenced.   It was fastened by a toggle, which prevented its being set in motion unless the toggle was drawn by a lever, to which was attached a switch padlock, which being locked prevented the lever from being used unless the staple was drawn.   At the time of the accident the turn-table was fastened by the toggle, but it was a controverted point whether the padlock was then locked.   When secured by the toggle and not locked with the padlock, the turn-table could not be set in motion by boys of the age and strength of the plaintiff.

Upon these facts we think the action cannot be maintained. The alleged negligence complained of relates to the construction and condition of the turn-table, and it is not claimed that the defendants were guilty of any active misconduct towards the plaintiff.   The right of a land-owner in the use of his own land is not limited or qualified like the enjoyment of a right or privilege in which others have an interest, as the use of a street for highway purposes under the general law, or for other purposes under special license (*Moynihan* v. *Whidden*, 143 Mass. 287), where care must be taken not to infringe upon the lawful rights of others.   At the time of his injury the plaintiff was using the defendants' premises as a playground without right.   The turn-table was required in operating the defendants' railroad.   It was located on its own land so far removed from the highway as not to interfere with the convenience and safety of the public travel, and it was not a trap set for the purpose of injuring trespassers.   *Aldrich* v. *Wright*, 53 N. H. 404.   Under these circumstances, the defendants owed no duty to the plaintiff; and there can be no negligence or breach of duty where there is no act or service which the party is bound to perform or fulfil.   A land-owner is not required to take active measures to insure the safety of intruders, nor is

he liable for an injury resulting from the lawful use of his
ises to one entering upon them without right. A trespasse:
narily assumes all risk of danger from the condition of the
ises; and to recover for an injury happening to him he must
that it was wantonly inflicted, or that the owner or occupant,
present and acting, might have prevented the injury by the
cise of reasonable care after discovering the danger. *Clark* v.
*chester*, 62 N. H. —; *State* v. *Railroad*, 52 N. H. 528; *Swee
Railroad*, 10 Allen 368; *Morrissey* v. *Railroad*, 126 Mass.
*Severy* v. *Nickerson*, 120 Mass. 306; *Morgan* v. *Hallowell*, 57
375; *Pierce* v. *Whitcomb*, 48 Vt. 127; *McAlpin* v. *Powel
N. Y. 126; *St. L., V. & T. H. R. R. Co.* v. *Bell*, 81 Ill.
*Gavin* v. *Chicago*, 97 Ill. 66; *Wood* v. *School District*, 44 Iowa
*Gramlich* v. *Wurst*, 86 Pa. St. 74; *Cauley* v. *P. C., & St. 1
Railway Co.*, 95 Pa. St. 398; *Gillespie* v. *McGowan*, 100
St. 144; *Mangan* v. *Atterton*, L. R. 1 Ex. 239. The maxim
a man must use his property so as not to incommode his neigh
only applies to neighbors who do not interfere with it or e.
upon it. *Knight* v. *Abert*, 6 Pa. St. 472. To hold the ow
liable for consequential damages happening to trespassers from
lawful and beneficial use of his own land would be an unreason:
restriction of his enjoyment of it.

We are not prepared to adopt the doctrine of *Railroad Co.
Stout*, 17 Wall. 657, and cases following it, that the owner of ı
chinery or other property attractive to children is liable for ir
ries happening to children wrongfully interfering with it on    s
own premises. The owner is not an insurer of the safety of infɾ ̣t
trespassers. One having in his possession agricultural or mechan-
ical tools is not responsible for injuries caused to trespassers by
careless handling, nor is the owner of a fruit-tree bound to cut it
down or enclose it, or to exercise care in securing the staple and
lock with which his ladder is fastened, for the protection of tres-
passing boys who may be attracted by the fruit. Neither is the
owner or occupant of premises upon which there is a natural or
artificial pond, or a blueberry pasture, legally required to exercise
care in securing his gates and bars to guard against accidents to
straying and trespassing children. The owner is under no duty
to a mere trespasser to keep his premises safe; and the fact that
the trespasser is an infant cannot have the effect to raise a duty
where none otherwise exists. "The supposed duty has regard to
the public at large, and cannot well exist as to one portion of the
public and not to another, under the same circumstances. In this
respect children, women, and men are upon the same footing. In
cases where certain duties exist, infants may require greater care
than adults, or a different kind of care; but precautionary meas-
ures having for their object the protection of the public must as a
rule have reference to all classes alike." *Nolan* v. *N. Y. & N. H.
& H. Railroad Co.*, 53 Conn. 461.

There being no evidence to charge the defendants with negligence, the motion for a nonsuit should have been granted.

*Exceptions sustained.*

BINGHAM, J., did not sit: the others concurred.