FELCH, *Adm'r, v.* CONCORD RAILROAD.

FELCH *v.* SAME.

A railroad company is bound to exercise ordinary care to avoid injury by its trains to one wrongfully upon its track.

That the party injured could have been seen on the track by the engineer at a distance within which the train might have been stopped, is evidence upon the question whether the defendants exercised ordinary care.

That he attempted to escape as soon as he knew his danger, that the train made but little noise and was an extra, that extra trains were uncommon upon the road and were usually run at a very slow speed, that he knew of a similar use of the track by others, and that he had no reason to expect a train at the time, are facts upon which the plaintiff is entitled to the judgment of a jury upon the question of the exercise of ordinary care by the person injured.

CASE, for injuries from negligence. Two actions were tried together, one by the plaintiff as administrator, for injuries resulting in the death of his minor son, Willis Felch, and one by the plain-

tiff in his own right, for medical and surgical attendance upon Willis, and for damage to the plaintiff's team from the same accident.

The plaintiff's evidence tended to show that on the 9th of February, 1883, Willis Felch, son of the plaintiff, of the age of about eleven years, under direction of his father, drove his father's team and load of wood across the track of the defendants' railroad, about fifteen rods east of a highway crossing. Having crossed the railroad track to the southerly side, he drove easterly upon the railroad bed near the southerly track seven or eight rods farther, and, while there unloading his wood, the defendants' pay train passed, striking the boy and inflicting injuries from which he died the same day. The plaintiff was engaged in hauling wood under contract with the owners to the railroad to which it had been bargained. At the time of the accident the plaintiff with his servants and teams had been hauling wood for several days in the manner and over the route taken by the deceased, and the tracks made by the sleds in crossing and going along upon the railroad track were visible.

At the close of the plaintiff's evidence the defendants moved for a nonsuit because there was no evidence that at the time of the injury the boy Willis was rightfully on the track of the railroad, and no evidence that he was wantonly and wilfully run upon by the defendants and injured. The motion was denied, and the defendants excepted. There was no exception to the instructions of the court to the jury. The following special questions were submitted to the jury: 1. Was the boy, Willis Felch, rightfully on or near the track with his team at the time of the accident? 2. Were the defendants guilty of wanton and wilful or reckless conduct at the time of the accident? 3. Was the boy, Willis Felch, exercising due and proper care in being on or near the track with his team, as shown by the evidence at the time of the accident? 4. Was the plaintiff, Hiram M. Felch, exercising due and proper care in allowing his boy, Willis Felch, to go upon the track with his team? 5. If the boy, Willis Felch, was rightfully at the place of the accident, was the railroad in the exercise of ordinary care? The first four of the questions were answered in the affirmative, the last one in the negative. The jury returned a verdict for the plaintiff in each case, which, and the first four special verdicts, the defendants moved to set aside because there was no evidence that the boy Willis was rightfully on the track of the railroad, nor that the defendants at the time were guilty of any wanton, reckless, or wilful conduct in the premises, nor that the plaintiff or the boy Willis was either of them in the exercise of due and proper care in Willis's being on the track, or in being permitted to be there at the time.

The special verdict, that the defendants wantonly and wilfully ran upon the boy and killed him, was set aside, as having no support in the evidence, and the plaintiff excepted.

The motion to set aside the general verdicts and the other special verdicts was denied, and the defendants excepted.

*R. J. Peaslee* and *Burnham & Brown*, for the plaintiff.

*J. W. Fellows, Sulloway & Topliff*, and *Briggs & Huse*, for the defendants.

CARPENTER, J.   The motions (1) for a nonsuit and (2) to set aside the verdict rest on the same ground, and were properly denied.   It was unnecessary for the plaintiff to prove that Willis was rightfully on the defendants' track, or, if he was wrongfully there, that the defendants wantonly or wilfully ran upon and injured him. Upon the question whether the plaintiff or the defendants were entitled to a verdict, the first four special findings of the jury were immaterial.   Evidence tending to prove that the defendants wantonly or wilfully drove their engine upon Willis was irrelevant, except perhaps on the question of damages (*Fay* v. *Parker*, 53 N. H. 342, *Bixby* v. *Dunlap*, 56 N. H. 456) : they were equally liable whether they negligently or wilfully caused the injury. Evidence tending to show that Willis was rightfully, or wrongfully, on the track was competent for the jury to consider in determining the measure of care which the defendants were bound to exercise.   Greater watchfulness might reasonably be required against expected than unexpected danger.   But the unexpected presence of Willis on the track through his own or his father's negligence, or as a wilful trespasser, would not relieve the defendants from their obligation to exercise ordinary care, or excuse them for doing him an injury which by ordinary care they could avoid.

Assuming that Willis was competent to act as a person of average prudence would, the questions for the jury were,—(1) Could the defendants by ordinary care have prevented the accident?   If they could not, they were without fault and not liable.   If they were in fault, (2) Could Willis, notwithstanding their negligence, have escaped injury by the exercise of like care?   If he could not, the verdict would be for the plaintiff, and if he could, for the defendants.   *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159.   If it was conceded that Willis was incapable of exercising care, the first named question was the only one.   *Bisaillon* v. *Blood*, 64 N. H. 565.   His capacity, if in dispute, was a question for the jury.   In the absence of exceptions to the instructions under which the jury returned a general verdict for the plaintiff, it is presumed that the case was properly submitted to them, and there must be

*Judgment on the verdict.*

ALLEN, J., did not sit : the others concurred.

The defendants conceded the correctness of the foregoing opinion as the case then stood, but moved for a rehearing, and in support of the motion procured amendments to the case as follows:

1. The defendants claimed at the trial, as a general ground for their motion for a nonsuit, that there was no evidence to show that they were not in the exercise of due and ordinary care at the time and place of the accident, and that there was no evidence to warrant the jury in finding a verdict for the plaintiff; also, that there was no evidence to show that the decedent was in the exercise of due care, or upon which the jury could legally find a verdict for the plaintiff.

These grounds for a nonsuit, among others stated in the case, were urged by the defendants' counsel; and they did not understand that these, or any legitimate grounds in support of their motion, were waived by a statement of other special grounds only as made in the case.

The trial proceeded on the ground that the deceased was *sui juris*, excepting that on the question of his reasonable care the jury were instructed to take into account his age, intelligence, and experience, and the fact that he went where he did by the plaintiff's direction.

2. Among other things, the court instructed the jury that to entitle the plaintiff to recover he must show by a balance of evidence that the decedent, Willis Felch, was rightfully on the track of the railroad at the place of the injury at the time of the accident, and was injured by negligence or want of reasonable care on the part of the defendants; or, if not rightfully at the place of the injury on the railroad track, he must show that he was wantonly or recklessly run upon and injured. If the decedent was rightfully there, and the defendants inflicted the injury through want of ordinary care, that is, through negligence, and there was no want of reasonable care on the part of the plaintiff or of the decedent, which proximately contributed to the injury, the plaintiff can recover.

If the decedent was not rightfully there, and the defendants' agents saw him, or under the circumstances ought to have seen him, and by the use of such means as were in their power might have avoided the injury and did not, the plaintiff can recover. That is, although the plaintiff may have been wrongfully there, still, if the defendants' agents knew it, or in the ordinary course of the performance of their duties ought to have known it, and might have avoided the injury and did not, that is, wilfully, wantonly, or recklessly committed the injury, the defendants are liable. But if the decedent was wrongfully there, and the defendants' agents did not wantonly or recklessly injure him, that is, did not know seasonably that he was there so as to have avoided inflicting the injury, and after they did know it, or under the circumstances ought to have known it, used all the means in

their power to avoid the injury, the plaintiff is not entitled *to* recover.

If the decedent was rightfully there and the defendants performed their duties under the circumstances, if they did not run their train negligently, if there was no want of ordinary and reasonable care under the circumstances, then the plaintiff cannot recover, for he brings his action against the defendants for an injury caused by their negligence.

If the decedent was rightfully there, but want of ordinary care on his part, either in being there or in what he did, proximately contributed to the injury, the plaintiff cannot recover.

Early in the trial, on inquiry made by counsel on both sides, the court indicated the principles on which the trial should proceed, as substantially covered by the above instructions, and the trial proceeded substantially on the ground indicated.

The testimony at the trial was taken verbatim, and made a part of the case transferred. The evidence essential to the decision is stated in the opinion.

*J. W. Fellows* (with whom was *Jeremiah Smith*), for the motion.

*Drury & Peaslee* and *Burnham & Brown*, contra.

BLODGETT, J.  In support of the motion for a nonsuit, two additional grounds are presented by the amendments: (1) that there was no evidence of want of ordinary care on the part of the defendants; and (2) that there was no evidence of such care on the part of the deceased.

The first ground is clearly untenable.  There was direct evidence for the plaintiff " that a person standing on the track at the place of accident could be seen by one standing on the track at a point six hundred and seventy-five feet, or about forty-one rods, easterly from the place of accident;" and there was evidence tending to show that " the place of accident could be seen from a point on the track fifty-nine rods east of there, and that one elevated above the track eight or nine feet, to about the position of the engineer in running a train, could see a person at the place of the accident from a distance of seventy-one rods east of that point." There was also evidence that a train like the one in question in all respects, and running on such a track and with the same grade, could and should be brought to a stop inside of forty rods when the rate of speed is thirty-five miles an hour, and in a correspondingly shorter distance when the rate is less.  Under these circumstances, it must be held that there was competent evidence of the defendants' want of ordinary care towards the deceased, and that by the exercise of such care they might have discovered him in season to have stopped the train and prevented the accident. Whether this evidence was of sufficient weight to warrant a ver-

dict for the plaintiff, is a question which cannot be considered here. In civil causes there is no particular amount or weight of evidence required to warrant the jury in determining a controverted fact. If there is any substantial evidence, the jury are to decide upon the balance of probabilities. The court, as matter of law, determine what evidence is competent for the jury to weigh, but are in no wise authorized to determine what amount or weight of competent evidence is sufficient or insufficient to convince the minds of jurors, and warrant them in determining a matter of fact in dispute between parties. The competency of the proof given in evidence is matter of law for the court, but its weight is matter exclusively for the jury. *Fuller* v. *Rounceville*, 29 N. H. 554, 563, 564.

The second ground is likewise untenable. It is not true that there was no evidence of ordinary care on the part of the deceased. On the contrary, it appears from the testimony of his brother that as soon as the deceased knew of his danger he jumped away from the track and attempted to escape. There was also evidence that the train made but comparatively little noise; that extra trains over the road were not common, and consisted mainly of wood trains, which were run at a very low rate of speed; that within the knowledge of the deceased, persons of mature years and judgment were accustomed to use the road-bed and track as he was using them; and there was nothing tending to prove that he had, or reasonably ought to have had, notice or knowledge that the pay-train was due on or about that day. These facts and considerations not only refute the defendants' contention that there was absolutely no evidence of ordinary care by the decedent, but we think they afford competent evidence of sufficient weight on which fair-minded men might arrive at different conclusions; and when this is so, it is always the right of a plaintiff to invoke the judgment of the jury.

The remaining question raised by the amendments is that of a mistrial. At the trial the plaintiff was required to prove three things: negligence of the defendants, care of the decedent, and his rightful use of the track. In the former opinion in this case, it was held that the plaintiff need prove but two of these things, namely, negligence of the defendants and care of the decedent. An unnecessary burden was therefore imposed on the plaintiff at the trial, but how this harmed the defendants we fail to discover. Everything held necessary to the plaintiff's recovery, in the opinion, was held necessary at the trial. He was required to make it more probable than otherwise that the decedent did, and that the defendants did not, exercise ordinary care; and these questions were submitted to the jury under instructions, to which no exception was taken. In no way were the defendants deprived of their right to a fair trial; but, on the other hand, they had the full benefit of every defence open to them upon the proper issues in the

case, and the additional benefit of a defence which was not properly open to them, and one, too, which strongly tended to defeat any recovery by the plaintiff.

To entitle the defendants to a new trial, it must appear that justice has not been done them, through accident, mistake, or misfortune, and that a further hearing would be equitable.    G. L., *c.* 234, *s.* 1.    The case made by the amendments does not come within either of these requirements.

*Rehearing denied.*

ALLEN, J., did not sit; SMITH, J., dissented; the others concurred.