Hillsborough,
June, 1898.

### SHEA, *Adm'r*, v. CONCORD & MONTREAL RAILROAD.

A railroad company is not required to anticipate the presence of chance or casual trespassers upon its tracks and take precautions for their safety.

CASE, for injuries to the plaintiff's intestate, a trespasser upon the defendants' railroad track, by being run over by a coal car, September 25, 1894, through the defendants' negligence. Trial by jury and verdict for the plaintiff.

The evidence tended to prove that at the time of the accident, and for some years prior thereto, there was a tract of land south of Auburn and west of Elm streets in Manchester, extending to the defendants' railroad tracks, which was unfenced and, in the main, unimproved. On this land, near the east side of the railroad, there was a lumber yard, a stable, and a storehouse in which old machinery was stored. Between the east and west tracks there was a coal shed and an oil shed. Merchandise was carried to and from these sheds by teams passing between the

tracks, from the sheds to Auburn street. There was a cart-path across the land from Elm street to a point north of the oil shed, and a foot-path leading from Elm street across the lot, used by the defendants' employees and persons employed in the hosiery mill in going to and from their work. This foot-path was north of the oil shed. In the summer time, particularly in the evening, people in the vicinity were in the habit of occupying the tract as a place for recreation. They played ball there and would sometimes knock the ball on to the railroad tracks, where the boys would go after it. In the winter they coasted there, and sometimes in so doing would coast across the tracks. The police had been requested two or three times by the railroad authorities to keep the boys away from the tracks and off the cars, and they drove them away once or twice a day, or whenever they found them there, after these requests.

On the day of the accident, the intestate, aged five years and nine months, and two companions, aged eight and nine years respectively, went to this tract of land to play at hoop. They entered from Auburn street, and after playing awhile on the upper portion of the tract, their hoops rolled down the hill across the railroad track, at a point south of the oil shed and of the end of the road leading from Auburn street between the tracks to the shed. A train of fifteen or sixteen empty coal cars was standing on the east track, the rear end of which was a little south of where the hoops crossed the track. Some beef cars were standing on the west track. All had been in the same position while the intestate had been on the lot. The boys ran after their hoops, and the intestate, after recovering his hoop, leaned against the rear or northerly end of the coal train. While he was standing in this position, the cars bumped together. The train was pushed towards the rear about one half the length of a car, throwing the intestate upon the track and inflicting injuries from which he died. No one else had been seen on this tract of land or around the railroad tracks through the afternoon of the accident, which happened about four o'clock.

At the close of the plaintiff's evidence, the defendants moved for a nonsuit, and also that the court direct a verdict in their favor. Both motions were denied, subject to exception.

*Sulloway & Topliff* and *Denis F. O'Connor*, for the plaintiff.

*Streeter, Walker & Hollis* and *Joseph W. Fellows*, for the defendants.

WALLACE, J. The deceased was a trespasser at the time of his injury in the defendants' railway yard. There was no evidence tending to show that his injuries were wantonly inflicted,

or that any of the defendants' employees knew of his presence at the time he was injured. The only question submitted to the jury was whether or not the railroad tracks at the place of the accident and prior thereto had been used to such an extent that the defendants' employees, in the exercise of ordinary care, ought to have anticipated such use on this occasion and to have discovered and warned the deceased of his danger. The single question presented is whether there was sufficient evidence to warrant the submission of the case to the jury, or whether the motion for a nonsuit and a verdict for the defendants should have been granted.

In *Clark* v. *Manchester*, 62 N. H. 577, *Frost* v. *Railroad*, 64 N. H. 220, and *Buch* v. *Company*, ante, p. 257, the doctrine was followed that a trespasser meeting with an injury by reason of the dangerous condition of the premises he is invading is not entitled to recover, on the ground that a landowner is under no duty to a mere trespasser to keep his premises safe, and is liable only for an injury wantonly inflicted, or for one arising from his failure to exercise due care after discovering the danger.

But *Felch* v. *Railroad*, 66 N. H. 318, and *Mitchell* v. *Railroad*, 68 N. H. 96, proceed upon the idea that there is a broad difference between such a case and that of an injury caused to a trespasser by the active intervention of a party who is held liable not only for failing to exercise due care to avoid injuring him after discovering his presence, but for failing to do so when culpably ignorant of his dangerous situation.

The evidence shows that the place of accident was at a point where there was no passageway of any kind where either people or carriages were accustomed to cross the railroad tracks or approach them. The cart-path and foot-path spoken of were north of the oil shed, while this point was south of it. There was evidence that the portion of the defendants' yard adjoining this unoccupied field had been trespassed upon before the accident, that the trespassing was located at no particular place, but was of that general kind that may occur on the tracks of a railroad in a town or city. It also appeared that the use of the field adjoining the railroad as a playground was confined chiefly to the portion north of the oil shed. It does not appear that there were any people frequenting the field or track at or near the time of the accident. There was nothing to show that the defendants ought to have observed special precautions at the place where the accident happened. The circumstances are entirely dissimilar from those in *Mitchell* v. *Railroad*, supra, where there was a well defined path " across the yard, which, with the defendants' knowledge, their servants and people generally were accustomed to use as they had occasion." There was no evidence tending to show that the defendants' servants, in the ex-

·ercise of ordinary care, ought to have seen or to have anticipated ·the presence of the deceased at the time and place of the acci- dent, and taken precautions for his safety. Precaution is a duty only so far as there is reason for apprehension. They were not required to anticipate the presence of a chance or casual tres- passer upon the tracks in their freight yard.

There being no evidence from which a jury could properly find that the defendants neglected to perform any duty, the mo- tion for a nonsuit and for a verdict for the defendants should have been granted.

*Exceptions sustained.*

PIKE, J., did not sit: the others concurred.