Hillsborough,  
  June, 1899.

### LESSARD *v.* BOSTON & MAINE RAILROAD.

In an action against a railroad company to recover for baggage received of a passenger and lost upon a connecting road, it is incumbent upon the plaintiff to prove that the defendants made a contract of carriage beyond their own line.

ASSUMPSIT, to recover the value of baggage lost upon the Central Vermont Railroad. Trial by the court. The plaintiff purchased of an agent of the defendants, at Nashua, a ticket for Montreal. The ticket had a coupon for each road over which the plaintiff would travel, and contained the stipulation that, "in selling this ticket and checking baggage hereon, this company acts only as agent, and is not responsible beyond its own line." The plaintiff could not read, did not know what was on his ticket, and supposed it would take him safely to Montreal. He made no inquiry about it, and did not say that he could not read it. The Central Vermont is an independent line of road.

The court found a verdict for the defendants, upon the ground that they were not liable beyond their own line when they had given express notice to that effect, and the plaintiff excepted.

*Henry B. Atherton,* for the plaintiff.

*Oliver E. Branch* and *Charles H. Burns,* for the defendants.

PEASLEE, J. The question of whether the defendants contracted to carry the plaintiff and his baggage beyond their own line of road was one of fact, and the verdict will not be disturbed if there was evidence to warrant the conclusion reached. *Gray v. Jackson,* 51 N. H. 9.

Whether the printed matter on the ticket was express notice to the purchaser, who was unable to read it, is a question not necessary to be considered. It was incumbent upon the plaintiff to prove that the defendants made a contract to carry his baggage beyond their own line of road. It was not necessary for the defendants to negative a presumption that they made such a contract, for under the law of this state no such presumption arose. *Gray v. Jackson, supra.* The case differs from those where the carrier attempts to limit the liability which ordinarily attaches to the contract for carriage. In such cases, the party who seeks to vary the agreement ordinarily implied as a part of the contract to carry must show that the other party had notice

·of the intent to make such special arrangement. But here it was necessary for the plaintiff to prove as a fact that the defendants did make the special contract which he sets up.

The verdict was based upon the finding that the defendants gave express notice that they did not contract as the plaintiff ·claimed, and seems to have resulted from the theory that the defendants must show, not only that they did not make the contract, but also that they expressly refused so to do. While this theory is erroneous, yet, as the prevailing party was held to be under a greater obligation than the law imposed, the verdict must stand. *Felch* v. *Railroad*, 66 N. H. 318. The finding that they gave express notice that they would not contract in a certain way, necessarily includes one that it was not proved that they did so contract.

*Exception overruled.*

All concurred.