Merrimack, }
  Dec., 1900. }

## Davis *v.* Boston & Maine Railroad.

The negligent failure of a railroad company to discover the presence of a trespasser upon their tracks does not render them liable for injuries which would have been prevented by the exercise of ordinary care on his part at the time of the accident.

Case, for personal injuries.   Trial by jury.   At the close of the plaintiff's evidence a nonsuit was ordered, and he excepted.   The evidence showed that he was run over by an engine, October 18,

1897, while in the defendants' station in Concord. He was not there on business with the defendants, but for his own convenience. Other facts appear in the opinion.

*Cornelius E. Clifford* and *David F. Dudley*, for the plaintiff.

*Frank S. Streeter* and *John M. Mitchell*, for the defendants.

YOUNG, J. The plaintiff must show in order to recover (1) that the defendants were negligent; (2) that their negligence was some part of the legal cause of his injury; and (3) that he was without fault at the time the accident happened. Legal negligence is the failure to perform a duty the law imposes upon one person for the benefit of another; consequently, when there is no duty there can be no negligence.

Although the ownership of land imposes no duty upon the owner for the benefit of trespassers (*Clark* v. *Manchester*, 62 N. H. 577 ; *Frost* v. *Railroad*, 64 N. H. 220 ; *Buch* v. *Company*, 69 N. H. 257), it does not relieve him from any of the ordinary consequences of his wrongful acts; and he must answer in damages if he intentionally injures any one who comes upon his premises, whether that person is an invitee, licensee, or trespasser, for the law imposes upon every one the duty of not intentionally injuring others. *Shea* v. *Railroad*, 69 N. H. 361; *Buch* v. *Company*, 69 N. H. 257; *Mitchell* v. *Railroad*, 68 N. H. 96; *Felch* v. *Railroad*, 66 N. H. 318; *Frost* v. *Railroad*, 64 N. H. 220; *Clark* v. *Manchester*, 62 N. H. 577. An injury to a trespasser is intentional within this rule if the landowner knew of the trespasser's presence in time to prevent the accident by the exercise of ordinary care. This is true whether the blow which caused it was struck by the landowner's hand, or by a locomotive or stationary machine under his control; for if the machine is under his control it only acts through him, and its acts are his. This is a rule of universal application ; for while there is a conflict of opinion as to what constitutes an intentional injury, all courts hold that injuries inflicted under such circumstances are intentional, and that the trespasser may recover if he was using due care to avoid being injured at the time the accident happened. Shearm. & Red. Neg. (6th ed.), s. 99.

In this state a person is held to know not only what he actually does know, but also everything he could know by the use of due care ; so a landowner will be held to know of the presence of trespassers, not only when he is actually cognizant of it, but also when he is in fault for not knowing it. He is thus in fault if he fails to use due care to discover the trespasser's presence when circumstances exist which would put a man of average prudence upon

inquiry. *Shea* v. *Railroad*, 69 N. II. 361. So the landowner's duty of not intentionally injuring trespassers includes the use of due care to discover their presence whenever such circumstances exist. In the present case, there was evidence that the defendants ought to have anticipated the presence of persons upon their track at the point where the accident happened, and that if they had used ordinary care they would have seen the plaintiff in time to prevent the accident; consequently, the jury could have found that the defendants failed to perform a duty the law imposed upon them for the plaintiff's benefit.

But the plaintiff must go further and show that the defendants' negligence was some part of the legal ˚cause of his injury; for he cannot be heard to complain of their negligence unless he shows that he has suffered because of it. A wrong is the legal cause of an accident when it is the last act, or one of the last acts, of a responsible agent in the series of causation which led up it, or one of the last acts but for which the accident would not have happened. All the other acts in the series are the conditions upon which the cause operated to produce the result. *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159. When a landowner knows, or, what is the same thing, ought to know, that a trespasser is on his premises, in time to avoid injuring him, and then carelessly drives over him with a horse and carriage or a locomotive, the landowner's failure to perform his duty of using due care to discover the trespasser's presence is a wrong subsequent in the series of causation to the trespasser's wrongful entry; but whether it was the sole legal cause, a contributing cause, or one of the conditions of the accident, depends upon whether either, neither, or both of the parties could subsequently have prevented an accident. If neither of them could, or if the landowner could and the trespasser could not, subsequently have prevented it by the use of ordinary care, the landowner's negligence would be the sole legal cause of the accident. If each of them could have prevented it at the time it happened by using such care, then their negligence concurred to cause it. If the trespasser could, and the landowner could not, have so prevented it, the trespasser's negligence is the sole legal cause of the accident, and the landowner's failure to discover his presence one of the conditions on which this cause acted to produce it. In each of these cases it is apparent that the legal cause of the accident is the last wrongful act of a responsible agent in the series of causation. All the other wrongs are simply the conditions upon which this cause acted to produce it; for all of the conditions might have existed, and but for the cause no accident have happened.

For instance, in the first case, notwithstanding the trespasser's

wrongful entry, no accident would have happened if the landowner had performed his duty of using ordinary care to discover the trespasser's presence; in the second, no accident would have happened if either had been doing his duty; and in the third, no accident would have happened, notwithstanding the landowner's failure to use ordinary care to discover his presence, if the trespasser had not subsequently been negligent. It follows that if a trespasser is injured by a landowner's failure to use ordinary care to discover his presence when circumstances exist which should have put him on inquiry, the trespasser may recover, provided he was using ordinary care to prevent being injured; for although his wrongful entry exposes him to the risk of injury, it is no part of the legal cause thereof.

Notwithstanding a wrongdoer cannot recover for injuries to which his wrongful act contributed in any degree, he may when it is only the occasion or one of the conditions of his injury; and his wrongful entry is the occasion and not the cause of such an accident when it would not have happened but for the landowner's subsequent wrongful act. In this case it is clear that the jury could have found, from the fact that the accident happened in the defendants' station, that they ought to have anticipated the presence of trespassers at that point; for it is a matter of common knowledge that people collect together at such places, and that if the defendants had performed the duty which this knowledge imposed upon them, — of using due care to discover the plaintiff's presence, — they would have seen him in time to prevent the accident. Hence, in any view of the case, there was evidence that the defendants' negligence contributed to cause the plaintiff's injury; for there was no evidence that he actually knew of their negligence before the accident happened.

It was the plaintiff's duty to use due care to avoid being injured; and notwithstanding there was evidence that the defendants were negligent, and that their negligence contributed to cause his injury, he cannot recover if he failed to perform this duty, and his failure concurred with the defendants' negligence to cause the accident, or contributed in any degree to cause it. In either case, his failure to perform a duty the law imposed upon him for the defendants' benefit would be some part of the legal cause of his injury; so to entitle him to a verdict, he must produce evidence that at the time the accident happened he could not have prevented it by the use of ordinary care.

This degree of care, which the law makes the legal standard for measuring the duty a person owes to every other with whom he comes in contact in the various relations of life, is the care men of average prudence use under similar circumstances. One

of the circumstances to be considered on this question is the person's knowledge of his situation and its dangers; for what would be due care in a given case for a person who was ignorant of the particular dangers of his situation might be gross negligence for one who was acquainted with them. For example, it might not be negligence for one who was ignorant of the fact to use a gun having a defect which caused it to burst, when it would be negligence for one who knew of this defect to use it.

Since a person is held to know everything he would have known if he had used due care, the plaintiff will be held to know everything in respect to his situation and its dangers which he would have known if he had used such care. It is therefore important to determine, first, what the plaintiff actually knew of his situation, and, second, what he must be held to have known. The case shows that when he reached the station he saw a train of cars standing there. He knew it had just arrived, and that the engine which drew it either had been or would be detached from it and backed to the roundhouse. He walked through the train-shed and came out on the east side of it, passing between two of the cars which made up the train. He then started south on the track he knew this engine used to reach the roundhouse. He looked up the track when he came upon it and saw nothing; but he knew that this engine would come upon it at a point only a short distance above where he was. He neither looked to see where this engine was, when he saw the train, nor when he looked up the track, nor at any other time, although he could have seen it all the time he was crossing the train-shed except when he was between the cars, and knew he could see it if it had not gone to the roundhouse. After he turned toward the roundhouse, he walked from 150 to 250 feet, and until he was struck, without looking behind him or making any effort to discover where the engine was. It is clear that a man of average prudence, who possessed the plaintiff's knowledge of his situation, would have known where this engine was before he started toward the roundhouse on the track he knew the engine would use to reach it; for this knowledge was essential to his safety. If he had looked where he knew or ought to have known it was, he would have seen that it was following him; so he must be held to have known that it was following him and certain to run over him if he remained where he was. Due care, for him, was the care men of average prudence would use in walking on a railroad track under these circumstances.

It will aid in considering whether the plaintiff's negligence concurred with the defendants' to cause his injury to bear in mind that he was a trespasser when the accident happened, and that the

duty the law imposed upon them for his benefit was only to use due care to discover his presence. This would include doing everything in their power to avoid an accident after they saw him, but would not make it their duty to ring the bell or blow the whistle for his benefit when running an engine through their station; so, although the plaintiff had a right to think that they would use due care to discover his presence, he had no right to rely on their ringing the bell, or doing anything else to notify him of the approach of the engine, unless they saw him.

The plaintiff says he performed his duty in respect of using due care to avoid being injured by looking up the track before he started toward the roundhouse; but admitting that this was such care when he started, it is difficult to see how it constituted such care when the accident happened. He had no right to rely on their ringing the bell, or doing anything else to warn him of their approach, for they were making a lawful use of their property, and it was his duty to keep out of the way of the engine, which he ought to have known was following and certain to run over him if he remained on the track. Instead of walking where it was safe, as he could have done without any inconvenience to himself, he walked down the track from 150 to 250 feet, and until he was struck (from one and a half to two minutes), without making any attempt whatever to discover where this engine was, trusting that the defendants would protect him from the consequences of his own neglect. He does not stand in any different position from that in which he would if he had looked up the track to see if an engine which he knew was approaching was in sight, and not seeing it, had sat down upon the track with his back to the engine and remained there until it ran over him; for he knew that the defendants were sending this engine to the roundhouse over this track, and that they could not do it in safety unless it was free from obstructions. This made it his duty to keep off the track, and made every step he took upon it a fresh wrong. Consequently, his presence on it at the point where the accident happened contributed to cause the accident; for a plaintiff's wrongful act does not cease to be a cause and become one of the conditions of an accident until the defendant is guilty of a subsequent wrongful act which contributes to cause the accident. The plaintiff's wrongful use of the defendants' track and their failure to discover his presence were both wrongs which continued up to the time of the accident and concurred to cause it, for there was no evidence that either the plaintiff or the defendants knew of the other's wrongful act before that time. If there had been any evidence that the defendants knew of the plaintiff's danger before the accident happened, it would have been for the jury

to say whether, after they knew of it, they could have prevented the accident by the exercise of ordinary care. If they failed to perform this duty, the plaintiff could recover, notwithstanding he was in fault when the accident happened, unless it also appeared that he was aware of his danger in time to have prevented the accident by the exercise of the same care; for, notwithstanding his fault, no accident would have happened if the defendants had not been in fault after they knew of the plaintiff's wrongdoing.

All the evidence in the case tends to prove that the slightest care on the part of either the plaintiff or defendants would have prevented the accident, or, in other words, that their wrongful acts concurred to produce it. It follows that the plaintiff cannot recover; for, although there was evidence that the defendants were negligent and that they could have prevented the accident by exercising ordinary care, there was no evidence that the plaintiff could not have prevented it by using the same care.

" Where both parties are present at the time of the injury, as well as in other cases, ability on the part of the defendant must concur with non-ability on the part of the plaintiff to prevent it by ordinary care. Their duty to exercise this degree of care is equal and reciprocal; neither is exonerated from his obligation by the present or previous misconduct of the other. The law no more holds one responsible for an unavoidable, or justifies an avoidable, injury to the person of one who carelessly exposes himself to danger, than to his property similarly situated in his absence. He who cannot prevent an injury negligently inflicted upon his person or property by an intelligent agent, 'present and acting at the time,' . . . is legally without fault. . . . On the other hand, his neglect to prevent it, if he can, is the sole or co-operating cause of the injury. No one can justly complain of another's negligence which, but for his own wrongful interposition, would be harmless." *Nashua Iron and Steel Co.* v. *Railroad,* 62 N. H. 159, 163.

The defendants' difficulty in reconciling the doctrine of *Mitchell* v. *Railroad,* 68 N. H. 96, and *Felch* v. *Railroad,* 66 N. H. 318, with *Clark* v. *Manchester,* 62 N. H. 577, *Frost* v. *Railroad,* 64 N. H. 220, and *Buch* v. *Company,* 69 N. H. 257, is occasioned by their failure to comprehend that different legal consequences attach when a person intentionally injures a trespasser from those which attach when he simply fails to prevent the trespasser from injuring himself; and not because the court in deciding the two sets of cases applied a different rule to the same state of facts, nor because they understood when these cases were decided that defendant railroad companies furnished an exception to the rule which requires the plaintiff to show that the defendant has failed

to perform a duty the law imposed upon him for the plaintiff's benefit in order to maintain his action. The only fact common to all these cases is that the plaintiffs were trespassers. There was evidence in the first two cases that the plaintiffs were using due care to avoid being injured when the accidents happened, that circumstances existed which made it the defendants' duty to anticipate the presence of trespassers upon their tracks at the point where the accidents happened, and that if they had used ordinary care in the performance of this duty they would have seen the plaintiffs in time to prevent an accident; and the court held that since the defendants ought to have known of the plaintiffs' presence in time to avoid injuring them, the injury was intentional. In the last three cases, the fact that the defendants did not prevent the plaintiffs from injuring themselves was all they based their right to recover upon. The law imposes upon every one the duty of not intentionally injuring others, but does not, with a few exceptions not material here, impose upon any the duty of preventing others from injuring themselves. *Shea* v. *Railroad*, 69 N. H. 361. Upon this ground the court held that these plaintiffs could not recover.

*Exception overruled.*

BLODGETT, C. J., did not sit: the others concurred.