Merrimack,
June 2, 1903.

## Myers v. Boston & Maine Railroad.

A trespasser upon railroad premises is chargeable with a knowledge of all the dangers of his situation which are discoverable by the exercise of ordinary care.

The failure of a railroad employee to give warning to a trespasser does not constitute actionable negligence, when the only inference to be reasonably drawn from the circumstances is that the latter will exercise due care in the avoidance of danger.

Case, for personal injuries. Transferred from the April term, 1902, of the superior court by *Peaslee*, J. The evidence showed that the plaintiff was run over by an engine while he was upon the defendants' track at West Lebanon. He was not there on business with the defendants, but for his own convenience. At

the close of the plaintiff's evidence a nonsuit was ordered, subject to exception.

*Martin & Howe*, for the plaintiff.

*Streeter & Hollis*, for the defendants.

BINGHAM, J. Notwithstanding the plaintiff was a trespasser upon the defendants' premises at the time he received his injury, it was the duty of the defendants · in the exercise of ordinary care to avoid injuring him through their active intervention, if they knew of his presence in a dangerous situation, or if their failure to learn of it was due to their culpable ignorance. In other words, they were in fault if they failed to use due care to discover his presence in a position of danger when circumstances existed which would put a man of average prudence upon inquiry. *Mitchell* v. *Railroad*, 68 N. H. 96 ; *Shea* v. *Railroad*, 69 N. H. 361, 363.

This does not mean that the defendants were bound to ascertain and take precautions in reference to the plaintiff's possible or chance presence in a dangerous situation upon their premises, but that they were required not to actively injure him if circumstances existed that warranted their anticipating his presence in such a situation as a probable occurrence. *Shea* v. *Railroad, supra ; Davis* v. *Railroad*, 70 N. H. 519.

The trial justice, in entering the order of nonsuit, must have ruled as a matter of law that the defendants could not reasonably be required to anticipate the presence of the plaintiff upon their track in a position of danger at the time their servant signalled the engineer to back the engine. If this ruling was right, the order must stand.

The evidence was that the plaintiff, while riding from White River Junction to West Lebanon on a shifting engine, stood upon the foot-board at the rear end of the tender, just south of the draw-bar and about midway between the rails. Upon arriving at West Lebanon the engine was stopped opposite the station, which was on the north side of the track. A servant of the defendants, who had ridden over on the foot-board, before getting off to go about his work told the plaintiff to get off when the engine stopped. Another servant, a switchman, who saw the plaintiff riding upon the foot-board, got off before the engine stopped and went to set a switch, so that the engine might be backed upon a side track in the yard. When the engine came to a standstill the plaintiff stepped down from the foot-board upon the track. The switchman, without observing the plaintiff, though he could have seen him had he looked, gave a signal to back the engine, which

was immediately done, and the plaintiff was run upon and injured. The plaintiff could have safely alighted from either end of the foot-board without stepping upon the track, and knew the engine upon which he was riding was a shifter.

It was the duty of the plaintiff to use due care to avoid being injured. He was bound to use the care men of average prudence use under similar circumstances; and one of the circumstances to be considered is his knowledge of the situation and its dangers. He is held to know everything in respect to his situation and its dangers, which he would have known had he exercised due care. Knowing the use made of the engine and the position it was then occupying upon the track, as a man of average prudence he ought to have known that it was liable to be moved at any moment, either forward or backward. He had no reason to believe that it would remain stationary for any given length of time. If moved backward, he knew that it would pass over the track immediately back of the foot-board on which he stood, and would injure him if he was upon the track. He could have seen the switchman had he looked, and further informed himself of the danger of going upon the track at that time and place. He did not look to see the switchman, or take any precautions to ascertain whether he could safely step upon the track. The evidence shows that he was careless when his duty required him to be careful.

If it would not be unreasonable to conclude from the evidence that the switchman should have anticipated the plaintiff would be getting off after the engine was stopped, still it does not follow that a jury would be warranted in concluding that the switchman was also bound to have anticipated that he would get off in a negligent and careless manner. When the switchman last saw the plaintiff, he was in a position of safety upon the engine; and the switchman had the right to assume that, if the plaintiff concluded to get off, he would exercise the care of a man of average prudence acting under like circumstances, and get off when and where he could safely do so. That the plaintiff might carelessly step upon the track was not sufficient to charge the switchman with knowledge that he would do so, or to make it the switchman's duty to look and ascertain what he actually did. A jury would not be warranted in finding that the switchman was bound to anticipate that the plaintiff would negligently step upon the track as a probable occurrence. *Waldron* v. *Railroad,* 71 N. H. 362, 365, 366. The nonsuit was properly ordered.

*Exception overruled.*

Walker, J., did not sit: the others concurred.