MIDDLESEX & B. ST. RY. CO. v. EGAN.

(Circuit Court of Appeals, First Circuit. June 12, 1914.)

No. 1056.

1. STREET RAILROADS (§ 117*)—INJURIES TO TRAVELERS—PERSONS ON TRACK—NEGLIGENCE.

In an action by an administrator to recover for conscious suffering by his intestate by reason of his being struck and injured by a street car while intestate was lying unconscious on the track, evidence *held* to require submission to the jury of the negligence of defendant's motorman in failing to discover decedent in a dangerous position on the track and of decedent's contributory negligence in being there.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*

Care required of motormen, see note to Stelk v. McNulta, 40 C. C. A. 361.]

2. STREET RAILROADS (§ 118*)—PERSONS ON TRACK—INJURIES—INTOXICATED PERSON—INSTRUCTIONS.

Where intestate, while intoxicated, fell on one of defendant's street railroad tracks and, being unable to move, was subsequently struck by a car and injured, an instruction that he was guilty of contributory negligence, which would bar a recovery if he voluntarily became drunk, and his presence on the track was due to that cause, that his conduct must be tested by the standard of the reasonably careful sober man without regard to whether his intoxication was such as to render him incapable of avoiding the danger or not, and that while his drunken condition would not, as a matter of law, bar his right to recover, provided he was rendered unconscious by the fall he sustained, and was thus unable to move to a place of safety, still they might find that his going about in a drunken condition contributed to produce his injury, and if they so

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

found, he could not recover, was improper as imposing too great a burden on plaintiff.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

3. STREET RAILROADS (§ 103*)—PERSONS ON TRACK—INJURIES—CONTRIBUTORY NEGLIGENCE.

Where intestate, while intoxicated, fell on defendant's street railroad track and was thereafter struck by a car and injured, the jury should have been charged that if intestate, at the time of the accident, was capable of extricating himself from the danger of being run over there could be no recovery, but if just before and up to the time of the accident he was incapable of extricating himself from the danger, whether by reason of his intoxication or because of unconsciousness due to the fall, and defendant's motorman was negligent in running over him, his presence on the track would be a mere condition and not a contributing cause of his injury and would not therefore prevent recovery.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 219; Dec. Dig. § 103.*]

4. WITNESSES (§ 247*)—EXAMINATION—ANSWERS.

Statement of a witness that a street lamp at a corner where an accident happened was "supposed to be lighted" until 1 o'clock in the morning amounted to a mere statement that the light customarily burned until that hour, and, as so construed, was not objectionable.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 822, 858–860; Dec. Dig. § 247.*]

5. DAMAGES (§ 178*)—PERSONAL INJURIES—PAIN—ANGUISH—SOLICITUDE—INABILITY TO LABOR—APPREHENSION.

In an action by an administrator for conscious suffering which his intestate sustained by reason of an injury, evidence of pain, anguish, and solicitude occasioned intestate by the injury, including apprehension of his inability to labor due to the probable loss of his limb, was competent as the natural result reasonably to be apprehended from such an injury.

[Ed. Note.—For other cases, see Damages; Cent. Dig. § 472; Dec. Dig. § 178.*]

In Error to the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

Action by John J. Egan, as administrator of the estate of Thomas P. Sweeney, deceased, against the Middlesex & Boston Street Railway Company. Judgment for plaintiff (212 Fed. 562), and defendant brings error. Affirmed.

Pitt F. Drew, of Boston, Mass., for plaintiff in error.

Joseph L. Keogh, of Boston, Mass. (John J. O'Hare, of Boston, Mass., on the brief), for defendant in error.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of tort brought by the administrator of the estate of Thomas P. Sweeney to recover for the conscious suffering which Sweeney sustained by reason of an injury received on the night of November 8, 1907, due to the alleged negligence of the defendant's motorman while operating an electric car on its street railway in Waltham, Mass. In the District Court there was a trial by jury and a verdict for the plaintiff. The case is now here on the defendant's bill of exceptions, and the errors assigned are: (1) To

the refusal of the District Court to direct a verdict for the defendant; (2) to the instructions given the jury on the question of contributory negligence; and (3) to the admission of certain evidence.

The evidence tended to prove that on the evening of November 8, 1907, Sweeney, while in an intoxicated condition, boarded a street car at Brighton and rode to the corner of Main and Newton streets in Waltham; that on leaving the car at this place he was still greatly under the influence of liquor, and was assisted by an acquaintance from the car to the sidewalk on Newton street, where he was left leaning against a fence, near a white post, and distant about 66 feet from the corner of Newton and Main streets. Sweeney lived on Newton street, but just before being left refused to go to his home. It was then about 20 minutes of 12. Newton street ends at Main street, and the defendant's car line passes up Newton street and into Main street. In the neighborhood of five minutes after Sweeney was left by the white post, he started to cross Newton street, and in doing so tripped and fell across the defendant's car track, where he lay motionless. After he lay there motionless for about three minutes, a street car was seen to come along, but no one testified to seeing it run over Sweeney. Newton street, in the direction from which the car came, was straight and level for about 200 yards, and the cars on this line stop at the white post. Shortly after the car came along, Sweeney was picked up beside the car track and taken to a hospital by the police, reaching there at 12:30. He had two wounds in his scalp, his chin had a gash in it about an inch and a half long, his left arm was lacerated below the middle of the radius and the ulna, and his left foot, below the ankle, was crushed. There was an arc light at the corner of Newton and Main streets which was lighted the night of the accident. It cast a light down Newton street so that one could see, and be seen, for a distance of about 100 or 150 feet from the corner. The place where the accident happened was in the thickly-settled part of the city, and near its center.

[1] From this evidence reasonable men might conclude that Sweeney was run over by the defendant's electric car on Newton street. His presence upon the track in front of the oncoming car, his apparently helpless condition, due to drink or to his being rendered unconscious by the fall, the nature of the injuries he sustained, and the time within which these occurrences took place, all fairly tend to this conclusion. Odell Manufacturing Co. v. Tibbetts, 212 Fed. 652, 129 C. C. A. ——, decided by this court March 12, 1914. It could also be found that the motorman on the car should have anticipated that people might be crossing Newton street in the vicinity of the white post and the junction of the two streets, and in doing so would be upon the defendant's car track; that the motorman should have been on the lookout for people at that point, and, in the exercise of reasonable care, would have seen Sweeney and avoided injuring him. Nashua, etc., Co. v. Railroad, 62 N. H. 159, 162; Myers v. Railroad, 72 N. H. 175, 55 Atl. 892; Shea v. Railroad, 69 N. H. 361, 363, 41 Atl. 774; Mitchell v. Railroad, 68 N. H. 96, 34 Atl. 674.

Although the evidence is meager, and not as complete as might be

desired, we are of the opinion that it was sufficient to justify the court below in submitting the case to the jury, not only on the question of the defendant's fault, but, as we shall hereafter point out, on the question of contributory negligence.

[2] It is contended in behalf of the defendant that the charge of the court to the jury upon the question of contributory negligence was erroneous and prejudicial. But it has not been satisfactorily pointed out to us, and we are unable to see wherein it was prejudicial to the defendant. On the contrary, it seems to have been more favorable to the defendant than the law and the evidence in the case warranted. The jury were told in substance that Sweeney was guilty of contributory negligence which would bar a recovery if he voluntarily became drunk, and his presence upon the defendant's car track was due to that cause; that his conduct was to be tested by the standard of the reasonably careful sober man; that this was so without regard to whether his state of intoxication at the time of the accident was such as to render him incapable of avoiding the danger or not; that while Sweeney's drunken condition would not, as a matter of law, bar his right to recover, provided he was rendered unconscious by the fall he sustained, and thus unable to remove to a place of safety, still they might find that his going about in a drunken condition contributed to produce his injury, and, if they so found, he could not recover.

[3] If the charge was not technically correct, the defendant suffered no injury therefrom, for it placed too great a burden upon the plaintiff. The jury should have been told in substance that while, as a general rule, a person who is injured by the negligence of another cannot recover if he was himself guilty of negligence which contributed to his injury, and that such would be true in this case if Sweeney at the time of the accident was capable of extricating himself from the danger of being run over, yet if, just before and up to the time of the accident, he was incapable of extricating himself from the danger, whether by reason of his intoxication or because of unconsciousness due to the fall, and the defendant's motorman was negligent in running upon him, his presence upon the track would be a mere condition, and not a contributing cause, and would not prevent a recovery. Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485; Bisaillon v. Blood, 64 N. H. 565, 15 Atl. 147; State v. Railroad, 52 N. H. 528, 552–558; Edgerly v. Railroad, 67 N. H. 312, 36 Atl. 558; Cavanaugh v. Railroad, 76 N. H. 68, 79 Atl. 694, and cases above cited.

The charge not having been prejudicial to the defendant, it takes nothing by this exception. Wheeler v. Railroad, 70 N. H. 607, 617, 50 Atl. 103, 54 L. R. A. 955.

[4] As tending to show that the arc light at the corner of Newton and Main streets was lighted at the time of the accident, a witness was permitted to testify, subject to the defendant's exception, that the lamp at that corner was supposed to be lighted until 1 o'clock in the morning. This was apparently the witness' method of stating that the light customarily burned until that hour. If this was not the meaning to be attributed to the statement, the defendant could have shown

the fact on cross-examination, and had the testimony stricken from the record. As the evidence stands it was competent.

[5] The evidence as to pain, anguish, and solicitude, occasioned Sweeney by the injury to his leg, including apprehension of his inability to labor due to its probable loss, was competent. His mental distress as to the effect of the accident upon his person was proximately caused by the alleged negligence of the defendant, and was a natural result reasonably to be apprehended under the circumstances. Prescott v. Robinson, 74 N. H. 460, 69 Atl. 522, 17 L. R. A. (N. S.) 594, 124 Am. St. Rep. 987; Godeau v. Blood, 52 Vt. 251, 36 Am. Rep. 751; Sullivan v. Old Colony St. Ry., 197 Mass. 512, 83 N. E. 1091, 125 Am. St. Rep. 378; McDermott v. Severe, 202 U. S. 600, 611, 26 Sup. Ct. 709, 50 L. Ed. 1162.

The judgment of the District Court is affirmed, with costs.