Hillsborough,  
Dec. 1, 1914.

MALVINA DOUCETTE, *Adm'x, v.* BOSTON & MAINE RAILROAD.

In an action of negligence against a railroad company, certain evidence deemed insufficient to warrant a finding that the person injured was in the exercise of due care at the time of the accident.

CASE, for negligence resulting in the death of John B. Doucette, the plaintiff's intestate, who was caught between freight cars on January 14, 1913, and received injuries from which he died a few hours later. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1914, of the superior court by *Pike,* C. J., on the defendants' exceptions to the denial of motions for a nonsuit and the direction of a verdict in their favor.

A spur track starts from the Acton Branch of the Boston & Maine Railroad at Nashua, runs southerly for a short distance, and then curves to the west, in which direction it continues for several hundred feet, crossing Marshall and Harbor streets. On the south side of the track, just east of Harbor street, is the yard of Proctor Brothers, where lumber is unloaded and piled. On the day of Doucette's injury there were six freight cars on the spur track, three at the Proctor yard and three some distance east toward

Marshall street.   The westerly car at the Proctor yard was a box car and is hereinafter referred to as No. 1; the car east of it was a flat car and is called No. 2.   Car No. 1 was loaded with lumber for Proctor Brothers, and had been uncoupled from No. 2 by their men and moved a few feet for unloading.   Doucette, who was employed by Proctor Brothers, stood on the south side of the track beside the car and assisted in unloading the lumber.

Shortly before the accident, Sanborn, the shifting conductor, came west from Marshall street on the north side of the track and passed between cars No. 1 and No. 2 to the south side.   He saw Doucette, who stood at the southwest corner of car No. 1 between the track and the pile of lumber, waved his hand to him, told him to look out, and then went back between the cars to the north side of the track.   Seeing a few pieces of lumber in car No. 1, he told Underhill, the surveyor, that he would wait until they were removed and then would take the car away.   Rouleau, who was at work in the car, told Doucette at that time that they would unload the car quickly, as the conductor was waiting for it.   Doucette did not know what Sanborn had said to Underhill.

Immediately after Sanborn motioned to Doucette and told him to look out, the latter walked along beside car No. 1 and went between No. 1 and No. 2.   As he walked, he faced toward and was in clear view of the shifting engine which was then slowly pushing freight cars in his direction and so continued to move until he was injured. The accident happened about a minute after Sanborn warned Doucette and was undoubtedly caused by the latter going between the cars and being caught by the couplers.   When last seen before his injury, he stood between the cars, facing No. 1, and was apparently urinating.   Doucette was sixty years old and a strong man in good health.   There was some unsatisfactory evidence that his hearing was not very good, but so far as appeared from positive proof he was in full possession of all his faculties.   He could not speak or understand the English language.

*Sawyer, Hardy & Stone* (of Massachusetts), *Albert Terrien*, and *Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Charles J. Hamblett* and *Marshall D. Cobleigh* (*Mr. Hamblett* orally), for the defendants.

PLUMMER, J.   It is necessary for the plaintiff to prove that her intestate, John B. Doucette, was in the exercise of due care at the

time of the accident to entitle her to a verdict. *Davis* v. *Railroad,* 70 N. H. 519; *Waldron* v. *Railroad,* 71 N. H. 362. Doucette was a man in good health, in possession of all his faculties, unless his hearing was somewhat poor, as to which the evidence is not clear. "There is nothing to relieve the plaintiff from the fundamental rule in the law of negligence that freedom from fault contributing to the injury on the part of the person injured is essential to a recovery for the injury." *Chabott* v. *Railway, ante,* 133, 135.

It is evident from the facts in this case which are not in dispute that Doucette used no care at all to protect himself from injury. Just before he went between the cars and was caught, the shifting conductor waved his hand to him and told him to look out. If he did not understand the words spoken, being a man unloading freight cars he must have known, if he had been giving proper attention, that when the shifting conductor came there and waved his hand at him, it was a warning that the shifting engine was coming and to look out. In addition to the warning of the shifting conductor, Rouleau said to him that they would unload that car quickly because the conductor was waiting for it. Doucette should have understood from this that the shifting engine was shortly to come for that car. Directly after these warnings he went between cars No. 1 and No. 2, and was caught and injured. In order to go between these cars he walked from the west to the east end of car No. 1 some thirty to forty feet, facing and in full view of the shifting engine that was moving and pushing freight cars directly toward him and the cars that he went between. The bell of the approaching engine was ringing, and he would undoubtedly have heard that if he had been giving any attention to his surroundings; but if he could not have heard the bell readily on account of deafness, he could have seen the engine and freight cars coming had he looked, for his eyesight was unimpaired and the on-coming engine and freight cars were in full view. Unquestionably he did not see the engine and cars coming, as he went between cars 1 and 2. If he had, he would never have placed himself in such a perilous position. It is immaterial, however, so far as his negligence is concerned, whether he saw the engine and cars or not. He could have seen them coming and saved himself from injury and death if he had been in the exercise of the care that his situation demanded. "He was thoughtless and careless when his duty to the railroad as well as to himself required him to be thoughtful and careful." *Gahagan* v. *Railroad,* 70 N. H. 441, 446. Doucette was absolutely inattentive to the ob-

vious danger that threatened him, and his conduct cannot be accounted for upon any theory consistent with the care that a reasonable man would have exercised under the circumstances. He was therefore guilty of negligence, for he was "bound to be informed of everything which ordinary care would disclose to him." *Nashua etc. Co.* v. *Railroad,* 62 N. H. 159, 162.

The plaintiff cannot prevail. The burden was upon her to show that her intestate was in the exercise of due care, but she presents no evidence that he exercised any care whatever. On the contrary, the evidence indicates that he was careless and negligent. The result makes it unnecessary to consider the negligence of the defendants.

*Exceptions sustained: verdict set aside: verdict and judgment for the defendants.*

All concurred.